Jonathan G. Gabriel, Esq., SBN 140381
Gary K. Salomons, Esq. SBN 126280
Jeffrey Alpert, Esq., SBN 165997
David S. Mayes, Esq., SBN 207173
GABRIELSALOMONS, LLP
16311 Ventura Blvd., Ste. 970
Encino, California 91436
Telephone: (818) 906-3700
Facsimile: (818) 906-2142

Attorneys for Plaintiff, ROBANDA INTERNATIONAL, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA PARKINSON, an individual; | CASE NO. CV13-07029 |
| Plaintiff, | **ROBANDA INTERNATIONAL, INC.'S MOTION** |
| v. | **1. TO DISMISS FOR FAILURE TO STATE A CLAIM** |
| ROBANDA INTERNATIONAL, INC., a California Corporation; and DOES 1-20, inclusive. | **2. TO DISMISS FOR FAILURE TO JOIN A NECESSARY PARTY.** |
| Defendants. | Date: November 18, 2013<br>Time: 10:00 a.m.<br>Ctrm: 8 |

TO: THE CLERK OF THE ABOVE-ENTITLED COURT AND THE PARTIES OF RECORD

-1-
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
AND FAILURE TO JOIN A NECESSARY PARTY

PLEASE TAKE NOTICE that on November 18, 2013 or as soon thereafter as the matter may be heard in the courtroom of the Hon. Manuel L. Real located at 312 N. Spring St., Los Angeles, California 90012, Courtroom 8, Defendant Robanda International, Inc. ("Robanda") will and hereby does move pursuant to *Federal Rule of Civil Procedure* ("*FRCP*") 12(b)(6) for an order dismissing this action on the grounds that the original assignment of the trademark to Parkinson was an invalid "assignment in gross" and, therefore, ineffective as a matter of law.

In addition, Robanda moves for an order pursuant to *FRCP* 12(b)(7) and 19(a) that the action be dismissed for failure of Plaintiff to join Plasticos Vandux de Columbia, N.A. ("Vandux") as a party to this action on the grounds that Vandux has also claimed ownership to trademark that is the subject matter of this litigation.

This motion is based on this Notice of Motion and the Memorandum of Points and Authorities, filed and served herewith, and upon the papers, records and pleadings on file herein.

Dated: October 11, 2013

GABRIELSALOMONS, LLP

BY: _____
DAVID S. MAYES, ESQ.
Attorney for Plaintiff ROBANDA INTERNATIONAL, INC.

GABRIELSALOMONS LLP
16311 Ventura Blvd., Ste. 970
Encino, CA 91436

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
AND FAILURE TO JOIN A NECESSARY PARTY

## MEMORANDUM OF POINTS AND AUTHORITES

### 1. Introduction.

Defendant's Motion to Dismiss should be granted because Plaintiff, Nina Parkinson ("Parkinson") has no legal ownership interest in the trademark Marilyn ("Marilyn Mark") for the Marilyn Hairbrush line due to the fact that the original assignment of the trademark her was a legally ineffective "assignment in gross."

In addition, Parkinson failed to name Plasticos Vandux de Columbia ("Vandux"), an entity that has registered documents with the United States Patent and Trademark Office ("USPTO") claiming ownership in the Marilyn Mark, in the Complaint. Vandux' ownership claim has been disputed in a separate filing with the USPTO. Vandux is a necessary party in this Action since a complete resolution of Parkinson's claims cannot occur without settling the ownership issue between Parkinson and Vandux. As Vandux has not been named as a party to this Action, it should be dismissed under *Federal Rules of Civil Procedure* ("*FRCP*") 12(b)(7) and 19. In the alternative, Parkinson should be ordered to join Vandux as a party to this litigation.

### 2. Legal Standard on A Motion to Dismiss.

*FRCP* 12(b)(6) empowers the Court to dismiss a lawsuit for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

This standard is not met where mere conclusions or a recitation of the elements of a cause of action are substituted for facts or where a Complaint merely tenders "naked assertion [s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557.

Analysis of a Complaint on a Motion to Dismiss is a "two-pronged" approach. *Iqbal*, 556 U.S. 678, 679. First, the Court accepts plaintiff's factual allegations as

true, but identifies pleaded facts that are bare conclusory allegations and, as such, "are not entitled to the assumption of truth." *Id.* Second, once the court has stripped away these improper allegations, and only then, does it determine whether "well-pleaded factual allegations ... plausibly give rise to an entitlement to relief." *Id.* In making this determination, the court may consider exhibits to the complaint and documents incorporated by reference as part of the complaint for purposes of a Rule 12(b)(6) motion and need not "accept as true an allegation that is contradicted by documents on which the complaint relies." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002); *In re Colonial Mortg. Bankers Corp.* 324 F3d 12, 16 (1st Cir. 2003); *Kaufman & Broad–South Bay v. Unisys Corp.* 822 F.Supp. 1468, 1472 (ND CA 1993); *Hearn v R.J. Reynolds Tobacco Co* 279 F.Supp.2d 1096, 1101. (D AZ 2003); *Dorsey v. Portfolio Equities, Inc.* 540 F3d 333, 338 (5th Cir. 2008).

In fact, courts have gone so far as to state that "when a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations." *Thompson v. Illinois Dept. of Prof. Reg.* (7th Cir. 2002) 300 F3d 750, 754 (emphasis in original; internal quotes omitted); *United States ex rel. Riley v. St. Luke's Episcopal Hosp.* (5th Cir. 2004) 355 F3d 370, 377; *Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F3d 979, 988.

**3.  This Action Should Be Dismissed Because Parkinson Cannot Successfully Plead That She Owns the Marilyn Mark.**

There are no rights in a trademark apart from the business with which it has been associated. *Mister Donut of America, Inc. v. Mr. Donut, Inc.*, 418 F.2d 838, 842 (9th Cir.1969) (criticized on other grounds); *Golden Door, Inc. v. Odisho*, 646 F.2d 347 (9th Cir.1980). Thus, in order to transfer a mark, via assignment or otherwise, at the very least the goodwill of the original business must also be transferred to the new owner. *Money Store v. Harriscorp Fin., Inc.*, 689 F.2d 666, 676 (7th Cir.1982).

The purpose of this rule is to allow for the continuity of the product or service originally associated with the mark to be maintained, and thus avoid deceiving or

-4-

confusing consumers who have come to associate the mark with a certain type or quality of goods and/or services. 1 J. McCarthy, *Trademarks and Unfair Competition* §18:1(C) (2d ed. 1984).

Parkinson claims that a simultaneous transfer of goodwill accompanied the transfer of the Marilyn Mark to her from Camelot. Complaint, ¶11. This is a conclusion unsupported by the other facts and exhibits pleaded. For example, Parkinson's Complaint also alleges the assignment of the Marilyn Mark to Parkinson was "part of the Asset Purchase Agreement ("APA") with Robanda."[1] *Id.* Parkinson was not a party to the APA. The APA transferred all of the goodwill for the Marilyn line to Robanda. When Robanda purchased it, Marilyn was an established line of hairbrushes with a strong brand identity. The goodwill sold to Robanda for Marilyn, therefore, necessarily included the goodwill associated with the Marilyn Mark. Otherwise, there would have been no incentive for Robanda to purchase Marilyn in the first place.

In light of this, there is simply no set of facts that can be proved by Parkinson to demonstrate that the transfer of the Marilyn Mark from Camelot to Parkinson was accompanied by any transfer of goodwill. As set forth above, failure to transfer a trademark with goodwill is tantamount to no transfer at all. *Money Store v. Harriscorp Fin., Inc.* at 676. Consequently, this Action must be dismissed.

**4.     The Action Should Be Dismissed for Failure to Join Plasticos Vandux de Columbia, S.A. as a Party to this Litigation.**

*FRCP* 12(b)(7) provides that a Motion to Dismiss may be made for failure to join a party under Rule 19.

///

///

---

[1] The parties to the APA were Robanda (buyer) and Camelot Hair Care Products, LLC (seller). Camelot was owed at the time by Parkinson's brother, Anthony Parkinson.

*FRCP* 19 provides:

"(a) A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if
    (1) in the person's absence complete relief cannot be accorded among those already parties, or
    (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
        (i) as a practical matter impair or impede the person's ability to protect that interest or
        (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

"Courts have held consistently that the owner of allegedly infringed intellectual property rights is a person needed for just adjudication under Rule 19." *Lisseveld v. Marcus*, 173 F.R.D. 689, 693 (M.D.Fla.1997); *JTG of Nashville, Inc. v. Rhythm Band, Inc.*, 693 F.Supp. 623, 626 (M.D.Tenn.1988). This rule regarding necessary parties applies to trademark actions as well. *Lisseveld*, citing Wright, Miller & Kane, Federal Practice and Procedure § 1614; *Pure Food Prod., Inc. v. American Bakeries Co.*, 176 U.S.P.Q. (BNA) 233, 234 (N.D.Ill.1972). Further, "[w]hen ownership of a trademark is the central issue in a case, the trademark owner is a necessary party. *Golden Temple of Oregon, LLC v. Wai Lana Productions, LLC* (D. Or., Dec. 5, 2011, 03:09-CV-902-HZ) 2011 WL 6070385.

In this case, Vandux has registered a competing assignment in the Marilyn Mark with the USPTO claiming an ownership interest in the mark. See Exhibit "A" to Robanda's RFJN filed concurrently herewith. Thus, by virtue of the fact that Vandux is claiming an interest in the subject matter of this litigation as a purported co-owner of the Marilyn Mark, it is a necessary party.

Thus, this Action should be dismissed under *FRCP* 12(b)(7) because Vandux is a necessary party to this litigation and it has not been joined. In the alternative, pursuant to *FRCP* 19(a), the Court should order Plaintiff to join it as a party to this action.

**5.   Conclusion.**

Based on the foregoing, Robanda's Motion to Dismiss should be granted or, in the alternative, Plaintiff should be required join Vandux as a party to this Action.

Dated: October 11, 2013

GABRIELSALOMONS, LLP

BY: _____
DAVID S. MAYES, ESQ.
Attorney for Plaintiff ROBANDA INTERNATIONAL, INC.

GABRIEL SALOMONS LLP
16311 Ventura Blvd., Ste. 970
Encino, CA 91436

-7-
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
AND FAILURE TO JOIN A NECESSARY PARTY

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
COUNTY OF LOS ANGELES    )   ss.:
                         )
                         )

*NINA PARKINSON v. ROBANDA INTERNATIONAL, INC.*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 16311 Ventura Blvd., Suite 970, Encino, CA 91436.

On October 11, 2013, I served the within document(s) described as:

ROBANDA INTERNATIONAL, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ROBANDA'S MOTIONS TO DISMISS

On the interested parties in this action as stated below:

R. Joseph Trojan
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 235
Beverly Hills, CA 90212
Tel: 310-777-8399
Fax: 310-777-8348
Trojan@trojanlawoffices.com

XXX (CM/ECF) Pursuant to the United States District Court Procedural Rules for Electronic Case Filing and the Case Management/Electronic Case Filing Rules, I electronically served the above-listed documents on the parties shown above for the above-entitled case, as listed above.

Executed on October 11, 2013, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Adam Mikaelian                                (Signature)
(Type or print name)

-3-
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
ROBANDA INTERNATIONAL INC'S MOTIONS TO DISMISS