```
 1                UNITED STATES DISTRICT COURT

 2               CENTRAL DISTRICT OF CALIFORNIA

 3                      WESTERN DIVISION

 4      THE HON. JUDGE MANUEL L. REAL, JUDGE PRESIDING

 5

 6   NINA PARKINSON,                    )
                                        )
 7                   Plaintiff,         )
                                        )
 8        vs.                           ) NO. 13-CV-7029-R
                                        )
 9   ROBANDA INTERNATIONAL, INC.,       )
                                        )
10                   Defendant.         )
     _____)
11

12

13

14          REPORTER'S TRANSCRIPT OF PROCEEDINGS

15                Los Angeles, California

16               Monday, November 25, 2013

17

18

19

20

21

22

23        LISA M. GONZALEZ, CSR No. 5920, CCRR
                 U.S. District Courthouse
24         312 North Spring Street - Room 438
              Los Angeles, California 90012
25         213.894.2979; www.lisamariecsr.com
```

*Lisa M. Gonzalez, Official Reporter*

```
 1   APPEARANCES:

 2


 3   FOR THE PLAINTIFF:    TROJAN LAW OFFICES
                           BY:  R. JOSEPH TROJAN
 4                         9250 Wilshire Boulevard
                           Suite 325
 5                         Beverly Hills, California   90212
                           (310) 777-8399
 6


 7
     FOR THE DEFENDANT:    GABRIEL, SALOMONS LLP
 8                         BY:  DAVIS S. MAYES
                           16311 Ventura Boulevard
 9                         Suite 970
                           Encino, California   91436-2124
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1            Los Angeles, California, Monday, November 25, 2013
 2                                10:00 A.M.
 3                                  -oOo-
 4            THE CLERK:  Calling item number 2, CV-13-7029,
 5   Nina Parkinson versus Robanda International.
 6            MR. TROJAN:  Good morning, Your Honor.  Joseph
 7   Trojan for Nina Parkinson.
 8            MR. MAYES:  Good morning, Your Honor.  David Mayes
 9   for Robanda International, Inc.
10            THE COURT:  Counsel, anything to add to the
11   documents which have been filed?
12            MR. TROJAN:  No, Your Honor.
13            MR. MAYES:  No, Your Honor.
14            THE COURT:  Parkinson has sued Robanda
15   International, Inc., for trademark infringement and unfair
16   competition.  Robanda has moved to dismiss this suit.
17            On a motion to dismiss, the trial court takes all
18   well pleaded facts in the Complaint to be true and
19   determines whether, based upon those facts, the Complaint
20   states a claim upon which relief may be granted.  Federal
21   Rule of Civil Procedure 12(b)(6).
22            Although factual assertions are taken as true, the
23   court does not accept legal conclusions as true:  <u>Ashcroft</u>
24   <u>v. Iqbal</u>, 556 U.S. 662 (2009).  A sale of a trademark
25   divorced from its goodwill is an assignment-in-gross and
```

1   barred by the Latham Act, McCarthy Trademarks and Unfair
2   Competition, section 18.1.  The recitation of a transfer of
3   goodwill in an assignment does not satisfy the anti
4   assignment-in-gross rule:  <u>Money Store v. Harriscorp
5   Finance, Inc.</u>, 689 F.2d 667, (Seventh Circuit 1982).
6             Parkinson alleges that she is the owner of
7   Maryland trademark.  Ownership of a valid trademark is a
8   legal conclusion that this court cannot accept as
9   necessarily true.
10            Parkinson alleges that the trademark was assigned
11  to her but also alleges that she never sold products under
12  the Maryland mark and the business assets were transferred
13  to Robanda, nor does Parkinson aver that any goodwill was
14  actually transferred besides the formal recitation in the
15  assignment.
16            Parkinson has thus alleged an assignment-in-gross
17  of only the trademark without the business or goodwill
18  accompanying the mark.  Thus, Parkinson has failed to allege
19  facts that support a claim of trademark ownership.
20            Defendant's motion to dismiss is granted.
21            Counsel to prepare the order.
22            MR. TROJAN:  Your Honor, is it with leave to
23  amend?
24            THE COURT:  I don't know what you can amend to
25  under those circumstances.

1        MR. TROJAN:  Well, I do believe we can amend.  We
2  can amend based upon the fact that --
3        THE COURT:  You've alleged all the things that
4  have to do with the trademark and with what Ms. Parkinson
5  owns.
6        MR. TROJAN:  Well, we can amend the Complaint to
7  allege additional facts because we can allege that at the --
8  the -- at the time of the trademark, simultaneously with the
9  assignment of the trademark, there was the license from
10 Ms. Parkinson to Robanda.  So therefore the law is clear
11 that a licensee's use of the mark inures to the benefit of
12 the licensor.
13       THE COURT:  That doesn't change anything in the
14 ownership of the trademark.
15       No, it's with prejudice.
16       MR. MAYES:  Thank you, Your Honor.
17       *(Thereupon, proceedings adjourned)*
18
19                           *-oOo-*
20
21
22
23
24
25

```
 1
 2
 3                          CERTIFICATE
 4
 5         I hereby certify that pursuant to Section 753,
 6   Title 28, United States Code, the foregoing is a true and
 7   correct transcript of the stenographically reported
 8   proceedings held in the above-entitled matter and that the
 9   transcript format is in conformance with the regulations of
10   the Judicial Conference of the United States.
11
12   Date:  January 23, 2014
13
14
15                                   Lisa M. Gonzalez
16                          /s/_____
                            Lisa M. Gonzalez, U.S. Court Reporter
17                          CSR No. 5920
18
19
20
21
22
23
24
25
```